UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE ALLEN MAGANA,

Petitioner,

v.

R. PIERCY,

Respondent.

Case No. 2:26-cv-03712-DGE-TLF

OMNIBUS ORDER

This matter comes before the Court on petitioner's motion to appoint counsel (Dkt. 5), motion for extension of time (Dkt. 6), motion for expedited review of the petition (Dkt. 18), and motion to establish intent to reply to response (Dkt. 21). For the reasons discussed below, the Court GRANTS petitioner's motion for expedited review of the petition (Dkt. 18) and DENIES petitioner's motion to appoint counsel (Dkt. 5). The Court DENIES petitioner's motions for extension of time (Dkt. 6) and motion to establish intent to reply to response (Dkt. 21) as MOOT.

**Motion for expedited review of the petition**

Petitioner requests expedited review because (1) his petitioner centers around bail; (2) he faces irreparable harm; (3) and because there are constitutional questions and claims in the petition. Dkt 18 at 1-2. He requests that his "motion for expedited review of the 2241 petition be granted in the interests of the quick, orderly, and fair administration of justice." *Id*. at 3. The Court GRANTS the motion to expedite

consideration of the petition. The petition was originally noted for consideration on December 28, 2026. Dkt. 7. The Clerk is now directed to re-note the petition for Friday, December 4, 2026. **The deadline for petitioner to file his reply is: on or before Friday, December 4, 2026.**

**Motion to appoint counsel**

Petitioner requests the appointment of counsel contending that this case is an exceptional circumstance because there is an issue presented for the first time and he has demonstrated a high likelihood of success in the proceedings. Dkt. 5 at 6.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Nevins v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. *See Terrovona*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under “exceptional circumstances.” *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). “A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.” *Wilborn*, 789 F.2d at 1331 (internal citation and

quotation marks omitted). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

The Court finds that this matter does not present exceptional circumstances supporting the appointment of counsel. The issues presented in the petition are not particularly complex, and petitioner has effectively articulated his claims. Petitioner's inability to afford an attorney and lack of legal expertise are challenges faced by any *pro se* petitioner and do not present exceptional circumstances. Finally, petitioner has not shown at this point a likelihood of success on the merits and the Court has not recommended an evidentiary hearing.

Accordingly, petitioner's request for expedited review is granted (Dkt. 18). The Clerk is directed to re-note the habeas petition to December 4, 2026. Petitioners motion for appointment of counsel (Dkt. 5) is DENIED. The Court DENIES petitioner's motions for extension of time (Dkt. 6) and motion to establish intent to reply to response (Dkt. 21) as MOOT.

Dated this 25th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge